UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

TRUSTEES OF THE BRICKLAYERS AND ALLIED
CRAFTWORKERS, LOCAL 5 NEW YORK
RETIREMENT, WELFARE, LABOR MANAGMENT
COALITION AND APPRENTICE TRAINING            **Civil Action No.**
AND JOURNEYMEN UPGRADING FUNDS,              **05 CV-1049 (CLB)**
and BRICKLAYERS AND ALLIED CRAFTWORKERS,
LOCAL 5 NEW YORK,                            **ANSWER**

                              Plaintiffs,

                          - against -

NAVILLUS TILE, INC., d/b/a NAVILLUS
CONTRACTING and DONAL O'SULLIVAN
d/b/a NAVILLUS CONTRACTING, and
DONAL O'SULLIVAN, Individually

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Navillus Tile, Inc. and Donal O'Sullivan, (hereinafter "Defendants"), by and through their attorneys, Grotta, Glassman & Hoffman, P.C., hereby answer the allegations in the above-captioned complaint as follows:

      1.    The allegations in paragraph 1 of the complaint set forth legal conclusions only, and Defendants are not obligated to admit or deny such allegations. To the extent that a response is required, Defendants deny that plaintiffs are entitled to any relief whatsoever.

## AS TO JURISDICTION

2. Defendants admit that this Court has jurisdiction and that venue properly lies within this District.

3. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the complaint.

## AS TO VENUE

4. Defendants admit that venue properly lies within this District.

## AS TO THE PARTIES

5. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 5 of the complaint. The remaining allegations in paragraph 5 set forth legal conclusions only, and Defendants are not obligated to admit or deny such allegations.

6. The allegations in paragraph 6 of the complaint set forth legal conclusions only, and Defendants are not obligated to admit or deny such allegations. To the extent that a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations.

7. The allegations in paragraph 7 of the complaint set forth legal conclusions only, and Defendants are not obligated to admit or deny such allegations. To the extent that a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations.

8. The allegations in paragraph 8 of the complaint set forth legal conclusions

only, and Defendants are not obligated to admit or deny such allegations.

9. The allegations in paragraph 9 of the complaint set forth legal conclusions only, and Defendants are not obligated to admit or deny such allegations.

10. Defendants admit the allegations set forth in paragraph 10 of the complaint.

11. Defendants admit the allegations set forth in paragraph 11 of the complaint.

12. Defendants deny the allegations set forth in paragraph 12 of the complaint, except state that Donal O'Sullivan is President of Navillus Tile, Inc.

13. Defendants deny the allegations set forth in paragraph 13 of the complaint.

14. Defendants admit the allegation set forth in paragraph 14 of the complaint that Defendant Donal O'Sullivan is President of Navillus Tile, Inc. but deny the remaining allegations in paragraph 14 of the complaint.

15. Defendants admit the allegations set forth in paragraph 15 of the complaint.

## AS TO A FIRST CLAIM (CORPORATION UNDER § 515 OF ERISA)

16. Defendants repeat and make a part hereof, as if set forth in full, their answers to the allegations of paragraphs 1 through 15 of the complaint.

17. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint and respectfully refer the Court to the applicable collective bargaining agreement for its full form and content.

18. Defendants deny the allegations set forth in paragraph 18 of the complaint.

19. Defendants deny the allegations set forth in paragraph 19 of the complaint.

20. Defendants deny the allegations set forth in paragraph 20 of the complaint.

## AS TO A SECOND CLAIM (INDIVIDUAL AS AN EMPLOYER UNDER ERISA)

21. Defendants repeat and make a part hereof, as if set forth in full, their answers to the allegations of paragraphs 1 through 20 of the complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the complaint.

## AS TO A THIRD CLAIM (INDIVIDUAL FIDUCIARY LIABILITY UNDER ERISA)

23. Defendants repeat and make a part hereof, as if set forth in full, their answers to the allegations of paragraphs 1 through 22 of the complaint.

24. Defendants deny the allegations set forth in paragraph 24 of the complaint except respectfully refer the Court to the applicable collective bargaining agreement for its full form and content.

25. The allegations in paragraph 25 of the complaint set forth legal conclusions only, and Defendants are not obligated to admit or deny such allegations. To the extent that a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations.

26. Defendants deny the allegations set forth in paragraph 26 of the complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the complaint.

28. Defendants deny the allegations set forth in paragraph 28 of the complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the complaint.

30. Defendants admit the allegations set forth in paragraph 30 of the complaint.

31. Defendants admit the allegations set forth in paragraph 31 of the complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the complaint.

## AS TO A FOURTH CLAIM (UNDER LMRA)

34. Defendants repeat and make a part hereof, as if set forth in full, their answers to the allegations of paragraphs 1 through 33 of the complaint.

35. Defendants deny the truth of the allegations set forth in paragraph 35 of the complaint except respectfully refer the Court to the applicable collective bargaining agreement for its full form and content.

36. Defendants deny the allegations set forth in paragraph 36 of the complaint.

## AS TO A FIFTH CLAIM (INDIVIDUALS AS EMPLOYERS UNDER LMRA)

37. Defendants repeat and make a part hereof, as if set forth in full, their answers to the allegations of paragraphs 1 through 36 of the complaint.

38. The allegations in paragraph 38 of the complaint set forth legal conclusions only, and Defendants are not obligated to admit or deny such allegations.

## AS TO A SIXTH CLAIM (FEDERAL COMMON LAW CONVERSION)

39. Defendants repeat and make a part hereof, as if set forth in full, their answers to the allegations of paragraphs 1 through 38 of the complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the complaint.

44. Defendants deny the allegations set forth in paragraph 44 of the complaint.

## AS TO A SEVENTH CLAIM (AUDIT)

45. Defendants repeat and make a part hereof, as if set forth in full, their answers to the allegations of paragraphs 1 through 44 of the complaint.

46. The allegations in paragraph 46 of the complaint set forth legal conclusions only, and Defendants are not obligated to admit or deny such allegations.

47. The allegations in paragraph 47 of the complaint set forth legal conclusions only, and Defendants are not obligated to admit or deny such allegations. To the extent that a response is required, Defendants deny the truth of the allegations set forth in paragraph 47 of the complaint except respectfully refer the Court to the applicable Funds' By-Laws, Declaration of Trust, and collective bargaining agreement for their full form and content.

48. Defendants admit the allegations in paragraph 48 of the complaint that certain contributions and/or dues are due as of this date, except deny that they are due for the period and/or in the amounts set forth in paragraph 19 of the complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the complaint.

## AS TO AN EIGHTH CLAIM (INJUNCTION)

50. Defendants repeat and make a part hereof, as if set forth in full, their answers to the allegations of paragraphs 1 through 49 of the complaint.

51. Defendants deny the allegations set forth in paragraph 51 of the complaint.

52. Defendants deny the allegations set forth in paragraph 52 of the complaint.

53. Defendants deny the allegations set forth in paragraph 53 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54. The Plaintiffs' damages, if any, are caused by their own actions, inactions and/or omissions.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55. Plaintiffs are barred from relief by their failure to pursue or exhaust the applicable administrative procedures or conditions precedent prior to the commencement of this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56. Plaintiffs' damages, if any, are not proximately caused by any action, inaction or omission of Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57. Plaintiffs' claims are barred from any recovery in whole or in part by their own contributory and/or comparative fault or conduct.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

58. Plaintiffs' claims are barred by the Doctrine of "Unclean Hands."

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59. Plaintiffs are estopped and barred by their own conduct from recovering any relief.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60. Defendant Donal O'Sullivan is not a plan trustee, administrator or fiduciary and, on information and belief, is not, nor has he agreed to be, individually liable.

WHEREFORE, Defendants Navillus Tile, Inc. and Donal O'Sullivan respectfully request that the complaint be dismissed in its entirety and that this Court grant such other and further relief as the Court deems reasonable and just.

Dated: New York, New York
       March 31, 2005

                                      Respectfully submitted,

                                      GROTTA, GLASSMAN & HOFFMAN, P.C.

                                      By:    /s/
                                          David M. Wirtz (DW/9777)
                                          Joanne Skolnick (JS/7723)
                                          *Attorneys for Defendants*
                                          650 Fifth Avenue
                                          New York, New York 10019
                                          (212) 315-3510